Thomas Hart Fisher and Ruth Page Fisher v. Commissioner.
Fisher v. Commissioner
Docket No. 5438.
United States Tax Court
1946 Tax Ct. Memo LEXIS 189; 5 T.C.M. (CCH) 374; T.C.M. (RIA) 46114; May 21, 1946
Thomas Hart Fisher, Esq., 135 South LaSalle St., Chicago, Ill., for the petitioners. Gerald W. Brooks, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $227.03 in the income tax of the petitioners for the calendar year 1940. The only issue for decision is whether the Commissioner erred in disallowing a deduction of $35.41 as an ordinary and necessary expense under section 23(a). Findings of Fact The petitioners are husband and wife. They filed a joint income tax return for the calendar year 1940 with the collector of internal revenue for the first district of Illinois. The petitioner, Thomas Hart Fisher, is engaged in the practice of law. He attached a schedule to his return for 1940 upon which he *190 showed income from his practice and various items which he deducted as expenses. One of the items which he deducted was entitled "Atwood case expenses advanced." This item included 94 cents for postage, $26.88 for telegrams, and $7.59 for express charges. These three items totaled $35.41. They were all paid by the petitioner, Thomas Hart Fisher, during the year 1940. They were all made in connection with an arrangement which he had with two people named Atwood, and were recorded on his books in an account under the names of the Atwoods. His arrangement with the Atwoods had been in effect for many years and he had paid out from time to time many hundreds of dollars in connection with this business. The Atwoods had never paid him anything up to the time of the trial and the matter in which he was representing them had not been settled. The contract between the Atwoods and the petitioner was in writing. The contract provided that the petitioner was to have a portion of whatever the share of the Atwoods in the King estate might finally be determined to be. It was also provided in the contract that "the parties of the first part [the Atwoods] agree to advance all necessary costs and expenditures *191 in connection with the litigation herein referred to, including court costs, on demand." The Commissioner, in determining the deficiency, disallowed the entire deduction which included the amounts here in controversy. He explained that the amount claimed as "Atwood case expenses advanced" was disallowed as not constituting an ordinary and necessary expense deductible under section 23(a). Opinion MURDOCK, Judge: The few small items here in controversy are of the type which are usually and properly treated as ordinary and necessary expenses of carrying on a law practice. The only doubt as to the propriety of allowing them to be deducted arises from the provision in the contract whereby the Atwoods agreed to advance all necessary expenditures in connection with the litigation upon demand. These expenditures were made in connection with the litigation. The petitioner could have demanded that the Atwoods advance the money for these expenditures, but he did not do so. However, it would appear from this record that the petitioner is to be reimbursed for these expenditures by the Atwoods. If he is to be reimbursed, of course, the items would not be expenses at all but would be merely *192 loans for the time being and, as such, would not be deductible. The Commissioner has held that they are not deductible. The evidence does not show that they are deductible. The petitioner must lose under such circumstances. Decision will be entered for the respondent.